# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 19-1390-M
Silver Apple iPhone, Model: A1688 )
FCC ID: BCG-E2946A, IC: 579C-E2946A )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the ___Eastern___ District of ___Pennsylvania___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment A - Property to be Searched

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☒ evidence of a crime;

☒ contraband, fruits of crime, or other items illegally possessed;

☒ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g) | Possession of a Firearm by a Convicted Felon |
| 18 U.S.C. 924(c) | Use of a Firearm in Furtherance of a Drug Trafficking Crime |

The application is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Craig F. Fife, ATF TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 08/15/2019

*Judge's signature*

City and state: Philadelphia, PA       Hon. David R. Strawbridge, U.S. Magistrate Judge
*Printed name and title*

19-1390-m

## AFFIDAVIT

I, Craig M. Fife, being duly sworn, state the following:

## INTRODUCTION

1. I, Craig M. Fife, am a Task Force Officer for the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been since April 2018. I am a "federal law enforcement officer" as defined by Fed. R. Crim. P. 41(a)(2)(C). I am a Detective with the Philadelphia Police Department. I have worked for the Philadelphia Police Department since 2001. While assigned to Southwest Detective Division, I worked in the Special Investigations Unit focusing on violent crimes, investigating non-fatal shootings and robbery patterns in the West and Southwest sections of the City of Philadelphia. As a Detective, I gained experience in investigating crimes, obtaining search and arrest warrants, participating in arrests, and testifying in court. I now work with ATF Philadelphia Group VII, which is a Firearms Enforcement Group, whose primary responsibilities include investigating violent crime through the interdiction of firearms violent criminals in Philadelphia possess and/or use. As an ATF Task Force Officer, I am familiar with the execution of federal search warrants and have seized evidence in accordance with the probable cause set forth in the affidavits. I have arrested individuals for violations of federal firearms laws. As such, I am familiar with the legal standards applicable to the issuance of search warrants and with appropriate procedures for seizing evidence recovered through the execution of search warrants.

2. I have personally participated in this investigation. I am familiar with the facts and circumstances of the investigation through my personal participation, from discussions with agents of the ATF and other law enforcement, from my discussions with witnesses involved in the investigation, and from my review of records and reports relating to the investigation; and

the facts described below are drawn from all of those sources. I am aware through my training and experience, as well as my specific knowledge of this investigation, that those that sell narcotics commonly use cellular telephones in furtherance of their crimes.

3. I submit his affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search and examination of one cellular telephone ("TARGET TELEPHONE"), currently held by the Philadelphia Police Department since officers arrested DEADWYLER and seized it. The TARGET TELEPHONE, fully described in Attachment A, is a Silver Apple I phone with black rubber case using telephone number (215) 543-2529. This warrant would authorize the search of the TARGET TELEPHONE for the items listed in Attachment B. Based upon the information provided below, I submit that there is probable cause to believe that the TARGET TELEPHONE currently contains evidence of violations of Title 18, United States Code, Sections 922(g)(1) (felon in possession of a firearm) and 924(c) (use of a firearm in furtherance of a drug trafficking crime).

4. Because I am submitting for the limited purpose of obtaining authorization to search the TARGET TELEPHONE, I have not included every fact known to me concerning this investigation. I have only included those facts that I believe are necessary to establish probable cause in support of the search warrant.

**PROBABLE CAUSE**

5. On March 4, 2019, officers from the Philadelphia Police Department Narcotics Field Unit focused investigative resources in the Frankford section of the Philadelphia due to a recent increase in shootings. The officers went to the 5200 block of Frankford Avenue based on

2

complaints of open-air drug sales and criminal activity in this area. On this date at approximately 2:30 p.m., Officer Brown used $20 prerecorded buy money (PRBM) to buy two jars that contained alleged marijuana from an unidentified black male. After the male sold Brown the narcotics, he provided his name as "Swag" ("Swag") and his phone number as (215) 543-2529 for future purchases. Brown left the area and gave the narcotics to another officer who conducted a field test (NIK test "E"), which yielded a positive result for the presence of marijuana.

6. On March 5, 2019, at approximately 2:05 p.m., Officer Brown contacted "Swag" at (215) 543-2529 and arranged to meet him to purchase narcotics. Officer Brown went to the area of the 5200 block of Frankford Avenue with $60 PRBM and met "Swag," who told Brown that he did not have anything on him and that he had to go get it. "Swag" and Brown walked to a house on the 5100 block Darrah Street, and while inside the house, Brown provided "Swag" with the $60 PRBM in exchange for loose marijuana inside of a white paper towel. Brown gave the narcotics to another officer who conducted a field test, (NIK test "E"), which yielded a positive result for the presence of marijuana.

7. On March 11, 2019, Brown contacted "Swag" at (215) 543-2529. "Swag" instructed Brown to go to a store on the 5200 block of Frankford Avenue to purchase narcotics. Moments later, officers observed "Swag" leave a house on the 5100 block of Darrah Street and walk to the store on the 5200 block of Frankford Avenue. Once inside the store, "Swag" directed Brown to aisle five where "Swag" reached behind an oatmeal container on a shelf and retrieved containers of marijuana. "Swag" handed Brown six jars containing alleged marijuana. "Swag" placed the narcotics he did not sell to Brown back on the shelf. Brown handed "Swag" $60 PRBM for the alleged marijuana and then left the store. Brown gave the jars to another officer who

3

conducted a field test (NIK test "E"), which yielded a positive result for the presence of marijuana.

8. On March 12, 2019, Brown called "Swag" at (215) 543-2529 to arrange to buy marijuana. "Swag" told Brown that he was on his way home and instructed Brown to meet him at his house. Brown went to a house on the 5100 block of Darrah Street where he met with "Swag." Brown gave "Swag" $200 PRBM in exchange for a clear plastic bag containing alleged marijuana and four jars, all containing alleged marijuana.

9. On March 12, 2019 at approximately 12:35 p.m., officers saw "Swag" leaving the house on the 5100 block of Darrah Street and they arrested him. Officers recovered $89, the TARGET TELEPHONE that matched the number used to set up narcotics purchases, and keys to the house he left. Officers later identified "Swag" as Brandon DEADWYLER.

10. On March 12, 2019, officers searched 5121 Darrah Street pursuant to a warrant. Officers found a backpack that contained alleged marijuana, alleged crack cocaine, a digital scale, a black Ruger .22 Caliber Handgun Model loaded with 10 live rounds, and $1,720. Officers identified $200 of the $1,720 as PRBM. An officer conducted a field test (NIK test "E") on the alleged marijuana purchased by Brown, which yielded a positive result for the presence of marijuana. An officer also conducted a field test (NIK test "G") on the alleged crack cocaine, which yielded a positive result for the presence of cocaine base.

11. On March 12, 2019, the police searched 5219-21 Frankford Avenue, the convenience store "Swag" used as the location for Brown's marijuana purchase on March 11, 2019. The officers did not find any evidence at the store.

12. I reviewed DEADWYLER's criminal history records that revealed he is a convicted felon. As a convicted felon, DEADWYLER is prohibited from possessing a firearm.

4

13. On June 27, 2019, a federal grand jury indicted DEADWYLER for violations of Title 18, United States Code, Sections 922(g) and 924(c).

14. I know through my training and experience that narcotics traffickers rarely subscribe to telephones in their own name and routinely "drop" or switch phones and numbers as a way to deter law enforcement from monitoring active numbers. As such, it is common for drug dealers to use multiple cellular telephones. I am aware that analysis of the information contained in the directories contained in dealers' telephones is one of the ways to verify the telephone numbers the targets and their associates use to further their criminal activities and to determine whom they are contacting during relevant times when they are committing their crimes. Moreover, I have learned in my training that people engaged in the type of criminal activities described in this affidavit use these cellular telephones to take photographs of themselves, their criminal associates, and other items related to their criminal activities, such as the proceeds from their illegal activities and/or instrumentalities of their crimes. Moreover, information stored on a cellular telephone generally continues to be stored on the phone unless the user deletes the data or the phone is damaged.

15. For these reasons, I respectfully submit that there is probable cause for issuance of the attached warrant, authorizing the search of the contents of the TARGET TELEPHONE, as more fully identified in Attachment A, for the items identified in Attachment B.

Craig M. Fife
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me
this 15 day of August, 2019.

HONORABLE DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

6

**ATTACHMENT A**
Property to Be Searched

Silver Apple iPhone
Model: A1688
FCC ID: BCG-E2946A
IC: 579C-E2946A
Telephone number: 215-543-2529

## ATTACHMENT B
Items to be Seized

Any of the following items, which is evidence of narcotics trafficking and/or the illegal use and possession of a firearm:

1. Address directory, logs of telephone numbers dialed, telephone numbers of incoming, outgoing, or missed calls, and the date, time, and length of those calls, text messages, and voicemails to include date and time information regarding those voicemails;

2. Internet browsing activity and history, calendar entries, notes, memoranda, and digital documents, photographs and images, and audio files that relate to narcotics, firearms, and planning for the unlawful criminal acts;

3. Any texts messages (SMS), multimedia messages (MMS), email messages, chats, of incoming and outgoing contact;

4. Any social media messaging and shared photographs, including but not limited to Facebook, Instagram, Twitter, MySpace. To include addresses and passwords of social media accounts of associates;

5. Any subscriber information, contact information to include, names, addresses, telephone numbers, email addresses, social media addresses or other identifiers;

6. Any documents, spreadsheets, calendar, note, password or other database entries related to criminal activity; and,

7. Any system data or configuration information contained with the device, i.e. SD, SIM card.